NIA

NATIONAL INSURANCE

ADVOCATES

March 10, 2025

Liberty Mutual Insurance Company
PO Box 1604,
New York, NY 10116-1604
mitigation@libertymutual.com

Christopher Alvarez
CHRISTOPHER.ALVAREZ@libertymutual.
com
+1 916-761-0788

Re:

Claim Number: 24220304
Insured: Asian Commerce Center Property Owner Association
Policy No.: BKS(25)61592190
Loss Location: 6833 W Sam Houston Pkwy S Houton , TX 77072
Date of Loss: 07-08-2024

Dear Christopher,

Please be advised that Asian Commerce Center Property Owner Associationhas retained our firm to represent them regarding the matters outlined in this correspondence. This letter serves as formal notice, pursuant to Texas law, including Texas Insurance Code Chapter 541 (Unfair Methods of Competition and Unfair or Deceptive Acts or Practices) and Texas Insurance Code Chapter 542 (Prompt Payment of Claims Act), of our Client's intent to pursue legal action against Asian Commerce Center Property Owner Association for bad faith insurance practices, breach of contract, and violations of Texas' unfair claims settlement practices. This notice concerns the above-listed Claim Number, Address, and Policy.

The insured property sustaned severe hail and wind damage on . As a result, there was extensive damage to the property's roof(s), as well as Hurricane. Asian Commerce Center Property Owner Association promptly filed a claim on 08-23-2024 and provided access to the property for inspections, including the one that took place on 09-18-2024 00:00. Despite clear evidence of covered damages, Asian Commerce Center Property Owner Association has failed to issue full payment for necessary repairs, while disregarding substantial evidence verifying the extent of the damage.

NIA
NATIONAL INSURANCE
ADVOCATES

Pursuant to Texas law, you have violated one or more provisions under **Texas Insurance Code Chapter 541 and Chapter 542**, including but not limited to:

(a) Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue;
(b) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;
(c) Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;
(d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;
(e) Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;
(f) Engaging in activity which results in a disproportionate number of meritorious complaints against the insurer received by the Insurance Department;
(g) Engaging in activity which results in a disproportionate number of lawsuits to be filed against the insurer or its insureds by claimants;
(h) Refusing to pay claims without conducting a reasonable investigation based on all available information;
(i) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;
(j) Attempting to settle a claim for less than the amount to which a reasonable person would believe the claimant was entitled, by reference to written or printed advertising material accompanying or made part of an application or establishing unreasonable caps or limits on paint or materials when estimating vehicle repairs;
(k) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;
(l) Making a claims payment to a policyholder or beneficiary omitting the coverage under which each payment is being made;
(m) Delaying the investigation or payment of claims by requiring an insured, a claimant, or the physicians of either to submit a preliminary claim report and then requiring subsequent submission of formal proof of loss forms, resulting in the duplication of verification;
(n) Failing in the case of the denial of a claim or the offer of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement;
(o) Failing to provide forms necessary to present claims within 15 working days of a request with such explanations as are necessary to use them effectively;

To this date, you have refused to pay the proper value of this claim and have failed to conduct a reasonable and thorough investigation.

**National Insurance Advocates, PLLC**
**Main Office**
5900 Balcones Drive #15930 Austin, TX 78731
PH: (833) 701-4110

Service of Pleadings by Email:
intake@nia.law

NATIONAL INSURANCE
ADVOCATES

The insured property has extensive, open, and obvious hail and windstorm damage, including but not limited to roof membrane tears, punctures, compromised seams, and water infiltration. These damages are thoroughly documented in multiple inspection reports which provides clear evidence of the necessary repairs. Despite this damage being obvious to any trained professional handling the claim in good faith, your investigation either negligently or knowingly failed to acknowledge the full extent of these losses.

Further, it was evident that the property was damaged by severe weather conditions, but you failed to properly investigate the date of the occurrence and the meteorological conditions surrounding the insured premises. Engineering inspections confirmed hail impact damage to multiple structural components. However, Asian Commerce Center Property Owner Association unjustifiably refuses to provide coverage for essential repairs, including the TPO membrane replacement and interior remediation, despite clear policy coverage provisions requiring payment for such damage. Your actions constitute a breach of state law and breach of contract, which prohibit misrepresenting pertinent policy provisions and compelling policyholders to pursue litigation to recover amounts that should have been paid promptly.

Despite repeated attempts to resolve this matter, you have failed to provide a detailed explanation for the basis of your denial. Your refusal to issue full and fair payment has caused our Client financial harm by leaving them with unresolved damages that continue to worsen due to exposure to the elements.

Additionally, we have been waiting for the engineering report that was promised by you, to be completed by the end of that week or the beginning of the following. As of today, we have not received this report despite multiple follow-ups. The delay in providing this report has further hindered the resolution of this claim and continues to put our client in a precarious financial and legal situation.

We request that you preserve all documents, correspondence, recordings, and any other materials related to this matter. Please do not dispose of any such material, as we expect that it will be both discoverable and admissible in any litigation that may arise. Failure to preserve this material will result in a request for a spoliation instruction at trial and may ultimately be considered by a court as an attempt to destroy evidence.

Your conduct and refusal to honor your obligations under the policy of insurance and the laws of this state have caused my Client to suffer damages. Based on the information currently available to us, and as required by Texas law, we contend that the amount shown in our attached damage estimate is the amount necessary for the full replacement cost of the covered property damage. The specific amount owed by you would be the total of the replacement cost amount shown in the estimate, less any deductible, prior or subsequent payments, and applicable depreciation, as well as any other limitations that may apply per the terms of the policy. We hereby make a demand for payment in the amount of  as per our initial estimate of the covered damages.

**National Insurance Advocates, PLLC**
**Main Office**
5900 Balcones Drive #15930 Austin, TX 78731
PH: (833) 701-4110

Service of Pleadings by Email:
intake@nia.law



EXHIBIT M

NATIONAL INSURANCE
ADVOCATES

Additionally, your delay in paying this amount potentially subjects you to the payment of accrued interest, expenses, costs, and attorneys fees.

Our investigation is ongoing, and we have not yet been provided with your complete claim file for review. We therefore reserve the right to adjust these amounts to conform to the information and evidence that may be available to us at the time of trial if litigation becomes necessary.

At this time, we trust that this matter can be resolved in a prompt, fair, and equitable manner without the need for further legal action. We intend to refrain from serving you with a lawsuit for the statutory notice period unless otherwise directed by you. We invite you to use this 60-day pre-suit notice period, a copy of which has been provided to our clients, for its intended purpose: to make a reasonable offer of settlement and resolve this claim before litigation becomes necessary. However, if you fail to respond with an acceptable offer of settlement, we will have no alternative but to file suit seeking all actual damages, statutory penalties, interest, attorneys' fees, and any other remedies available under Texas law.

Your prompt attention to this matter is requested. Please direct your response or any other communications concerning this matter to me. I look forward to discussing this matter with you soon.

With kindest personal regards,

Anthony Pastor, Esq.
(833) 701-4110
Intake@NIA.Law

cc: Asian Commerce Center Property Owner Association